Shorall McGoldrick Brinkmann
1232 east missouri avenue
phoenix, arizona 85014
602.230.5400
602.230.5432 (fax)
smb@smbattorneys.com
tomshorall@smbattorneys.com
scottzerlaut@smbattorneys.com

Tom Shorall, Jr., #010456
Scott M. Zerlaut, #014714
Attorneys for Defendant SWTL

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>SOUTHWEST-TEX LEASING CO., INC., dba ADVANTAGE RENT-A-CAR,<br><br>　　　　Defendants. | Case No.: 2:08-CV-01701-DKD<br><br>**ANSWER** |

　　　　Defendant Southwest-Tex Leasing Co., Inc. ("SWTL") answers State Farm's Complaint as follows:

　　　　1.　　SWTL denies the allegations in Paragraph 1 of the Complaint.

　　　　2.　　SWTL denies the allegations in Paragraph 2 of the Complaint.

　　　　3.　　SWTL admits subject matter jurisdiction, but denies the remaining allegations in Paragraph 3 of the Complaint.

4.  SWTL denies the allegations in Paragraph 4 of the Complaint.

5.  The allegations in Paragraph 5 of the Complaint are vague, ambiguous, and overbroad, and therefore denied. SWTL is the parent corporation of some sixteen subsidiary corporations, each of which does business in a different state as "Advantage Rent-A-Car." These subsidiaries are all separately incorporated and independent of each other.

6.  The allegations in Paragraph 6 of the Complaint are vague, ambiguous, and overbroad, and —except as expressly admitted—therefore denied. SWTL realleges and incorporates paragraph 5, above. SWTL admits that renters at its various independent, subsidiary corporations are required to sign standardize rental contracts, which include the option to select and pay for a loss damage waiver. SWTL further admits that these standardized contracts typically include the language quoted in Paragraph 6 of the Complaint.

7.  The allegations in Paragraph 7 of the Complaint are vague, ambiguous, and overbroad, and therefore denied. SWTL realleges and incorporates paragraph 5, above.

8.  The allegations in Paragraph 8 of the Complaint are vague, ambiguous, and overbroad, and therefore denied. SWTL realleges and incorporates paragraph 5, above.

9.  The allegations in Paragraph 9 of the Complaint are vague, ambiguous, and overbroad, and therefore denied. SWTL realleges and incorporates paragraph 5, above.

10.  The allegations in Paragraph 10 of the Complaint are vague, ambiguous, and overbroad, and therefore denied. SWTL realleges and incorporates paragraph 5, above. SWTL admits that when its subsidiaries elect to pursue reimbursement for damage to their vehicles, they either do so directly, through counsel, or through a "TPA."

11.  The allegations in Paragraph 11 of the Complaint are vague, ambiguous, and overbroad, and therefore denied. SWTL realleges and incorporates paragraph 5, above. SWTL also is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the appraisers' actions.

12. The allegations in Paragraph 12 of the Complaint are vague, ambiguous, and overbroad, and therefore denied. SWTL realleges and incorporates paragraph 5, above. SWTL also is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding rates, prices, and appraisals, except that SWTL expressly denies any allegation of fraud or deception as alleged in Paragraph 12.

13. The allegations in Paragraph 13 of the Complaint are vague, ambiguous, and overbroad, and—except as expressly admitted—therefore denied. SWTL realleges and incorporates paragraph 5, above. SWTL admits that its subsidiaries have used the "TPAs" identified in this paragraph, but expressly denies any allegation of fraud or deceptive practices or goals as alleged in Paragraph 13. SWTL admits that its subsidiaries occasionally delegated responsibility for asserting claims for vehicle damage to the TPAs.

14. The allegations in Paragraph 14 of the Complaint are vague, ambiguous, and overbroad, and—except as expressly admitted—therefore denied. SWTL realleges and incorporates paragraph 5, above. Moreover, SWTL expressly denies that it or its subsidiaries had knowledge of the TPAs' alleged inflating of costs of repair or estimates, and that it intended or motivated them to do so, as alleged in Paragraph 14. SWTL admits that the TPAs were compensated by receiving a percentage of a portion of the amount recovered.

15. The allegations in Paragraph 15 of the Complaint are vague, ambiguous, and overbroad, and therefore denied. SWTL realleges and incorporates paragraph 5, above.

16. The allegations in Paragraph 16 of the Complaint are vague, ambiguous, and overbroad, and—except as expressly admitted—therefore denied. SWTL realleges and incorporates paragraph 5, above. SWTL admits that the TPAs generate revenue from processing claims for vehicle damage, and that they are primarily responsible for processing the claims they are assigned. SWTL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16.

17. The allegations in Paragraph 17 of the Complaint are vague, ambiguous, and overbroad, and—except as expressly admitted—therefore denied. SWTL realleges and incorporates paragraph 5, above. SWTL admits that on occasion its subsidiaries have sold collision claims to the TPAs, and that they have benefitted by quick reimbursement of their loss. SWTL denies knowledge of any fraudulent or deceptive practices by its TPAs as alleged in Paragraph 17. SWTL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17.

18. The allegations in Paragraph 18 of the Complaint are vague, ambiguous, and overbroad, and—except as expressly admitted—therefore denied. SWTL realleges and incorporates paragraph 5, above. SWTL admits that its subsidiaries have on occasion sold damaged vehicles to TPAs, along with the right to subrogate its damage claims. SWTL admits that this permits its subsidiaries to benefit from quick payment of their loss. SWTL denies knowledge of any fraudulent or deceptive practices by its TPAs as alleged in Paragraph 18. SWTL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18.

19. The allegations in Paragraph 19 of the Complaint are vague, ambiguous, and overbroad, and therefore denied. SWTL realleges and incorporates paragraph 5, above. Further, SWTL denies that it or its subsidiaries were involved in any fraudulent scheme as alleged in Paragraph 19.

20. The allegations in Paragraph 20 of the Complaint are vague, ambiguous, and overbroad, and therefore denied. SWTL realleges and incorporates paragraph 5, above. Further, SWTL denies that it or its subsidiaries have engaged in any fraudulent misrepresentations or have caused any fraudulent misrepresentations to be made as alleged in Paragraph 20.

21. SWTL is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint, and further denies their materiality.

22. SWTL is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint, and further denies their materiality.

23. SWTL admits the allegations in Paragraph 23 of the Complaint.

24. The allegations in Paragraph 24 of the Complaint are vague, ambiguous, and overbroad, and therefore denied. SWTL realleges and incorporates paragraph 5, above. Further, SWTL denies that State Farm had a right to rely upon repair estimates or cost invoices submitted to it, and affirmatively alleges that common practice in the insurance industry is for the insurance company to have its own estimates prepared.

25. The allegations in Paragraph 25 of the Complaint are vague, ambiguous, and overbroad, and therefore denied. SWTL realleges and incorporates paragraph 5, above. Moreover, SWTL denies any fraudulent claims, or State Farm's reasonable or justifiable reliance as alleged in Paragraph 25.

26. SWTL denies the allegations in Paragraph 26.

27. SWTL admits the allegations in Paragraph 27.

28. The allegations in Paragraph 28 of the Complaint are vague, ambiguous, and overbroad, and—except as expressly admitted—therefore denied. SWTL realleges and incorporates paragraph 5, above. SWTL admits that it is a Texas corporation. SWTL affirmatively alleges that its subsidiaries doing business as "Advantage Rent-A-Car" are incorporated in the states that represent their primary places of business.

## COUNT ONE
### Declaratory Judgment – 28 U.S.C. § 2201

29. SWTL realleges and incorporates all of the foregoing denials and averments.

30. SWTL admits that there is an actual case and controversy, and that State Farm's allegations are as stated in Paragraph 30 of the Complaint. SWTL denies the remaining allegations, and their inferences of liability, in Paragraph 30.

31. The allegations in Paragraph 31 of the Complaint are vague, ambiguous, and overbroad, and therefore denied. SWTL realleges and incorporates paragraph 5, above. SWTL denies the material misrepresentations alleged in Paragraph 31.

32. SWTL admits that State Farm seeks the relief stated in Paragraph 32. SWTL denies that State Farm is entitled to such relief.

## COUNT TWO
### Substantive Racketeering – 18 U.S.C. § 1962(c)

33. SWTL realleges and incorporates all of the foregoing denials and averments.

34. The allegations in Paragraph 34 of the Complaint are vague, ambiguous, and overbroad, and therefore denied. SWTL realleges and incorporates paragraph 5, above. SWTL expressly denies that it is a member of a "RICO" enterprise, or otherwise is engaged in the unlawful activity alleged in Paragraph 34. It is without knowledge or information sufficient to form a belief as to the truth of similar allegations of the TPAs' unlawful activities.

35. The allegations in Paragraph 35 of the Complaint are vague, ambiguous, and overbroad, and therefore denied. SWTL realleges and incorporates paragraph 5, above. SWTL expressly denies that it is a member of a RICO enterprise, or otherwise is engaged in the unlawful activity alleged in Paragraph 35. SWTL further denies that Exhibits A-E reflect, demonstrate, or summarize unlawful activities.

36. SWTL denies the allegations in Paragraph 36 of the Complaint.

37. SWTL denies the allegations in Paragraph 37 of the Complaint.

## COUNT THREE
### Common Law Fraud

38. SWTL realleges and incorporates all of the foregoing denials and averments.

39. The allegations in Paragraph 39 of the Complaint are vague, ambiguous, and overbroad, and therefore denied. SWTL realleges and incorporates paragraph 5, above. SWTL denies the fraud or unlawful conduct alleged in Paragraph 39.

40. The allegations in Paragraph 40 of the Complaint are vague, ambiguous, and overbroad, and therefore denied. SWTL realleges and incorporates paragraph 5, above. SWTL denies the fraud or unlawful conduct alleged in Paragraph 40.

41. The allegations in Paragraph 41 of the Complaint are vague, ambiguous, and overbroad, and therefore denied. SWTL realleges and incorporates paragraph 5, above. SWTL denies the fraud, reliance, or damage alleged in Paragraph 41.

42. The allegations in Paragraph 42 of the Complaint are vague, ambiguous, and overbroad, and therefore denied. SWTL realleges and incorporates paragraph 5, above. SWTL denies the fraud, moral turpitude, or dishonesty justifying punitive damages alleged in Paragraph 42.

43. SWTL denies the allegations in Paragraph 43 of the Complaint.

## AFFIRMATIVE DEFENSES

44. SWTL denies any allegation not expressly admitted.

45. SWTL affirmatively alleges that State Farm's Complaint fails to state a claim for relief.

46. SWTL affirmatively alleges that it is protected by the corporate form, and that it is not liable for its subsidiaries' actions.

47. SWTL affirmatively alleges settlement, and accord and satisfaction, arising from the prior settlement of the various property damage claims upon which State Farm's Complaint relies.

48. SWTL affirmatively alleges that some or all of State Farm's damages are extinguished and barred by the applicable statutes of limitations.

49. SWTL affirmatively alleges that some or all of State Farm's damages are barred by the doctrines of avoidable consequences and failure to mitigate.

50. SWTL affirmatively alleges comparative and contributory fault, including that the TPAs alleged in the Complaint are potentially at fault or solely responsible for State Farm's damages.

51. SWTL affirmatively alleges lack of personal jurisdiction.

52. SWTL affirmatively alleges res judicata to the extent that State Farm's claimed damages are related to a previously litigated claim.

53. SWTL affirmatively alleges that State Farm has not suffered any compensable injury.

54. SWTL affirmatively alleges that State Farm has unclean hands.

55. SWTL affirmatively denies that it is employed by or associated with a RICO enterprise.

56. SWTL affirmatively alleges that some or all of the acts complained of do not affect interstate commerce.

57. SWTL affirmatively alleges that State Farm has failed to join as defendants the TPAs referenced in the Complaint, who are all indispensible parties.

58. SWTL affirmatively alleges *forum non conveniens*.

59. SWTL reserves any additional affirmative defenses later determined applicable during discovery.

WHEREFORE, SWTL requests judgment as follows:

    a. Denying State Farm any relief, and dismissing its Complaint in its entirety;

    b. Awarding SWTL its reasonable attorneys fees and taxable costs; and,

    c. Awarding SWTL such additional relief as this Court determines appropriate.

DATED this 22nd day of October, 2008.

          SHORALL MCGOLDRICK BRINKMANN

          By /s/ Scott M. Zerlaut
            Scott M. Zerlaut
            *Attorneys for Defendant Advantage*

ORIGINAL of the foregoing Electronically Filed and
Electronically served upon the following on this
22nd day of October, 2008:

John W. Oberg
Bruce M. Preston
Broening Oberg Woods & Wilson, P.C.
Post Office Box 20527
Phoenix, Arizona 85036
jwo@bowwlaw.com
bmp@bowwlaw.com
Attorneys for State Farm

Ross O. Silverman
Ted S. Helwig
Joni S. Jacobsen
Katten Muchin Rosenman, L.L.P.
525 West Monroe Street, Suite 1900
Chicago, Illinois 60661
Ross.silverman@kattenlaw.com
Ted.helwig@kattenlaw.com
Joni.jacobsen@kattenlaw.com
Attorneys for State Farm

[signature]