# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br><br>ARC Venture Holding, Inc., *et al.*,<br><br>　　　　　　Debtors.[1] | ) <br> ) <br> ) Chapter 7 Bankruptcy Cases <br> ) <br> ) 08-46367 <br> ) (Jointly Administered) <br> ) <br> ) |

**STIPULATION RESOLVING OBJECTION TO DUPLICATIVE CLAIMS
OF STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**

Brian F. Leonard, not individually, but solely as Chapter 7 Trustee (the "Trustee") and State Farm Mutual Automobile Insurance Company ("State Farm") hereby enter into this Stipulation Resolving Objection To Duplicable Claims Of State Farm Mutual Automotive Insurance Company (the "Stipulation") as follows:

A.   On September 18, 2008, State Farm commenced a lawsuit against Southwest-Tex Leasing Co., Inc. d/b/a Advantage Rent-A-Car ("ARAC") in the United States District Court for the District of Arizona (Case No. 08-01701-DGC) (the "District Court Litigation"). State Farm's complaint in the District Court Litigation (the "Complaint") is premised on, *inter alia*, ARAC's alleged violation of 18 U.S.C. §§ 1962(c) and 1964 by participating in racketeering activity and otherwise engaging in common law fraud.

B.   Based in part on the Debtors' acknowledgment that the Debtors operated as – and should be treated as – a unitary enterprise, on February 2, 2009, State Farm timely filed thirteen

---

[1] Jointly administered estates of the following debtors: ARC Venture Holding, Inc.; Southwest-Tex Leasing Co., Inc., d/b/a Advantage; Advantage Rent-A-Car, Inc.; Coast Leasing Corp.; Floral Leasing Corp.; Iliad Leasing Corp.; Miso Leasing Corp.; Nugget Leasing Corp.; Okra Leasing Corp.; Rainier Leasing Corp.; San Antonio Rental & Leasing Co., Inc.; Steamboat Springs Rental & Leasing Co., Inc.; Sun Leasing Corporation; Tradewinds U-Drive, Inc.; and Ute Leasing Corporation (collectively, the "Debtors").

6467526v3

separate proofs of claim against the Debtors with the Bankruptcy Court (together, the "Proofs of Claim"). Each of the Proofs of Claim alleges that State Farm has suffered damages in excess of $1 million on account of the Debtors' fraudulent conduct. While State Farm has filed multiple Proofs of Claim, State Farm acknowledges that it may not be paid a multiple of recoveries for a single liability against one or more of the Debtors on account of the damages alleged in the Proofs of Claim.

    C.    On June 3, 2009, the Official Committee of Unsecured Creditors appointed in the Debtors' chapter 11 cases filed its Omnibus Objection To Duplicative Claims Of (I) State Farm Mutual Automobile Insurance Company And (II) Bond Safeguard Insurance Co. [Docket No. 714] (the "Claim Objection") alleging that State Farm had filed duplicative claims against multiple Debtors for the same liability in the same amount.

    D.    State Farm and the Trustee have engaged in discussions regarding the resolution of the Claim Objection and the District Court Litigation and the parties, desiring to avoid the uncertainties and expense of further litigation and to preserve the status quo of the parties' respective rights and remedies, have agreed to the entry by the Court of an order approving the parties' Stipulation and resolving the issues set forth herein (the "Agreed Order").

IT IS HEREBY AGREED:

    1.    Upon the entry of the Agreed Order, State Farm shall proceed to dismiss the Complaint filed in the District Court Litigation without prejudice. To the extent a stipulation of dismissal signed by all parties to the Complaint is required under Fed. R. Civ. P. 7041, this Stipulation may be used by State Farm in lieu of the Trustee's signature.

    2.    Should State Farm seek relief from the automatic stay to pursue and liquidate its claims in a forum other than this Court, the dismissal of the Complaint contemplated under

Paragraph 1 of this Stipulation shall not impact or in any way impair the Court's determination of cause under 11 U.S.C. § 362(d).

3.    Should State Farm seek relief from the automatic stay to pursue and liquidate its claims in a forum other than this Court, State Farm will identify the forum in which it is seeking to have its claims liquidated.

4.    Should State Farm receive relief from the automatic stay to pursue and liquidate its claims in a forum other than this Court, any pleadings filed in the District Court Litigation shall be reinstated in such forum as they existed on the date hereof.

5.    Should State Farm receive relief from the automatic stay to pursue and liquidate the claims in a forum other than this Court or should the Debtors' cases be dismissed, any statute of limitations defense to State Farm's claims that did not exist at the time the Complaint was filed is hereby deemed to have been forever waived by the Debtors, the Debtors' estates, the Trustee and any successors thereto. Similarly, to the extent the Proofs of Claim are objected to and litigated before this Court, no person may raise, as an objection or otherwise, that the Proofs of Claim should be disallowed or reduced on the basis of any statute of limitations defense that did not exist at the time the Complaint was filed.

6.    Notwithstanding the dismissal of the Complaint, the Proofs of Claim filed by State Farm shall constitute prima facie evidence of the validity and amount of State Farm's claims, subject to the Trustee's right to object to the same on any substantive ground in accordance with Fed. R. Bankr. P. 3007.

7. The Claim Objection will be dismissed without prejudice to the Trustee's right to file a substantive objection.

November 16, 2009

*(signature)*

**LEONARD, O'BRIEN SPENCER, GALE & SAYRE, LTD.**
Brian Leonard
100 South Fifth Street, Suite 2500
Minneapolis, Minnesota 55402
Phone: (612) 332-1030

**Attorneys for Brian F. Leonard, Trustee**

*(signature)*

**LEONARD, STREET AND DEINARD**
*Professional Association*
Matthew A. Swanson (MN #389613)
150 South Fifth Street, Suite 2300
Minneapolis, Minnesota 55402
Phone: (612) 335-1500

**Attorneys for State Farm Mutual Automobile Insurance Company**